

# THE ATTORNEY GENERAL

## OF TEXAS

GEARALD C. MANN
~~WILLIAM WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Attention: Mr. K. E. Davis

Opinion No. O-1854
Re: Teacher Retirement System —
Beneficiary — Member designation
under assumed name.

Your question for a legal opinion from this department is as follows:

"May a member of the Teacher Retirement System legally designate a
beneficiary to receive the amount of his accumulated contributions
in case of his death before retirement by using as his signature a
name other than his legal name?

"The above question is prompted by the following circumstance: a
Personal Data Form has been issued to Mr. John M. Slavik, a member
of the Teacher Retirement System whose account is being carried under that
name. This Form contains a section that enables a member to designate
a beneficiary to receive the amount of his accumulated contributions
in case of his death before retirement. Mr. Slavik informs us that
John M. Slavik is not his legal name but is the name he has been known
by since shortly after his birth at which time his mother remarried.
There has been no action taken in connection with changing his legal
name, John Rudolf Mazoch to John M. Slavik. It is his desire, however,
to designate a beneficiary over his signature as John M. Slavik, if
such action would be held legal."

One execution, whether of contract, conveyance, receipt or instrument
whatsoever, under a fictitious or assumed name is as valid and binding
in law as though he had executed in his legal name. It is a question of
identity. If the person executing is the person to be bound, then he is
bound by whatever name he executes. It can make no difference whether the
assumed name is a fictitious name or that of another person. (30 Tex. Jur.
592, Sec. 11). Neither can it make any difference as to why, or the reasons
for the use of a fictitious or assumed name. One who is unable to write his
name may nevertheless validly execute by his mark or any character indicating
his intention to execute. Such instruments executed in any of the modes
above mentioned are not only binding upon the party executing but they are
likewise binding upon the other party to the instrument. In other words, the
instrument is in all respects valid and enforceable according to its legal
purport and effect.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Ocie Speer


By Ocie Speer
Assistant

OS:MR:LDW

APPROVED Jan 27, 1940

s/ Gerald C. Mann

By GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B. W. B. CHARIMAN